IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANGELA MANNING,            )<br>                                                   )<br>    Plaintiff,                          )<br>                                                   )<br>    v.                                        )<br>                                                   )<br>YRC, INC. AND SAMUEL MORGAN )<br>                                                   )<br>    Defendants.                       )<br>                                                   ) | Case No. 20-cv-367-RJD RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the following motions: 1) Defendant Samuel Morgan's Motion to Dismiss Punitive Damages Claim (Doc. 9) and Memorandum in Support of Motion to Dismiss Punitive Damages Claim (Doc. 10); 2) Defendant YRC, Inc.'s Motion to Dismiss Plaintiff's Claims for Punitive Damages (Doc. 18) and Memorandum in Support of Motion to Dismiss Plaintiff's Claims for Punitive Damages (Doc. 19). Plaintiff filed a Response to Defendant Morgan's Motion to Dismiss (Doc. 22). Plaintiff also filed a Motion to Dismiss Punitive Damages in Counts II and III (Doc. 21). For the reasons stated below, all three motions are **DENIED**.

Plaintiff cites diversity jurisdiction as the basis for filing this case in federal court. Her claims are purportedly based on Illinois state law.[1] Plaintiff's Complaint alleges that she was injured while traveling on Highway 50 in Clay County, Illinois, when her vehicle collided with a

---

[1] Neither party raised a choice of law issue, so this Court will apply Illinois law on substantive law issues. *Wood v. Mid-Valley Inc.*, 942 F.2d 425, 426 ("the operative rule is that when neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal court sits.")

tractor trailer driven by Defendant Samuel Morgan. Plaintiff further alleges that Defendant YRC, Inc. employed Defendant Morgan. Plaintiff's Complaint contains seven counts: Count I against Defendant Samuel Morgan and Counts 2-7 against YRC, Inc. Plaintiff asks the Court to award her punitive damages in all seven counts. In addition to filing their Motions to Dismiss Plaintiff's Punitive Damages Claims, Defendants also filed Answers to all counts brought against them.

**Defendants' Motions to Dismiss Plaintiff's Claims for Punitive Damages**

Defendants ask the Court to dismiss Plaintiff's "claims for punitive damages" pursuant to Federal Rule of Civil Procedure 12(b)(6). Illinois law does not recognize a claim brought solely for punitive damages. *Kemner v. Monsanto Co*., 217 Ill. App.3d 188, 199 (Ill. App. Ct. 1991) ("[p]unitive damages in Illinois represent a type of relief rather than an independent cause of action.") In addition to seeking punitive damages, Plaintiff is also seeking compensatory damages in all counts in her Complaint. The parties do not cite to any authority that interprets Rule 12(b)(6) to allow the "dismissal" of one class of damages while the rest of Plaintiff's claim remains in the Complaint. *See, e.g*., *Eldracher v. Honeywell, Inc., et al.*, No. 14-cv-1414, 2015 WL 3419167, *1 (S.D. Ill., May 28, 2015).

Essentially, what Defendants are asking this Court to do is strike Plaintiff's requests for punitive damages. Pursuant to Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored because, in some instances, they "only serve to delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc*., 883 F.1286, 1294 (7th Cir. 1989). A motion to strike may be helpful where pleadings contain "unnecessary clutter." *Id*. Defendants do not contend, nor does it appear to this Court, that Plaintiff's requests for punitive damages are redundant, immaterial, impertinent, scandalous, or that they unnecessarily clutter this case.

Ultimately, the Court can award Plaintiff punitive damages if warranted by the evidence, whether or not Plaintiff asks for punitive damages in the Complaint. Fed. R. Civ. P. 54(c).

In the alternative, Defendants ask the Court to order Plaintiff to amend her complaint to "plead sufficient facts and make a more definite statement." Federal Rule of Civil Procedure 12(e) allows the Court to order a party to prepare a more definite statement where a pleading "is so vague or ambiguous that the opposing party cannot reasonably prepare a response." That is not the case here, as both Defendants already filed their Answers to Plaintiff's Complaint. Consequently, Defendants' motions are denied.

**Plaintiff's Voluntary Dismissal without Prejudice of Claims for Punitive Damages in Counts II and II**

In response to Defendant YRC, Inc.'s Motion to Dismiss Punitive Damages Claims in Counts II and III, Plaintiff moved the Court for a voluntary dismissal of her claims for punitive damages in Count II and Count III, but she does not want to dismiss Counts II and III in their entirety. Where a plaintiff wants to delete items from her Complaint, the appropriate method is to ask the Court for leave to amend her Complaint. *Taylor v. Brown*, 787 F.3d 858 (7th Cir. 2015). Assuming Plaintiff simply intended to ask the Court to strike her requests for punitive damages, that request is denied. If Plaintiff wants to litigate Counts II and III without requests for punitive damages contained in her Complaint, she may file a motion for leave to amend her complaint.

## CONCLUSION

For the reasons stated above, Defendant Samuel Morgan's Motion to Dismiss Punitive Damages Claim (Doc. 9) and Defendant YRC, Inc.'s Motion to Dismiss Plaintiff's Claims for Punitive Damages (Doc. 18) are **DENIED**. Plaintiff's Motion to Dismiss Punitive Damages in Counts II and III (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: 6/30/2020**

*s/ Reona J. Daly*

**Hon. Reona J. Daly
United States Magistrate Judge**